IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN R. MILLS,

    Plaintiff,

vs.                         No. CIV S-05-0931 MCE GGH PS

CITY OF REDDING, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Presently pending on this court's law and motion calendar for July 30, 2005, is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Monique Grandaw appeared for defendants. Plaintiff appeared in pro se. After carefully reviewing the record, the court recommends that defendants' motion be granted without leave to amend.

LEGAL STANDARD FOR MOTION TO DISMISS

       A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1

1  The complaint's factual allegations are accepted as true. Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

\\\\\
\\\\\

BACKGROUND

Plaintiff filed the instant complaint on May 12, 2005. Defendants are the City of Redding, Chief of Police Moty and Redding Police Officer Severson, The complaint alleges that although defendants issued him a notice to appear on March 28, 2005, as the result of a traffic stop, he "is not a person subject to the State of California Statutes," and Shasta County Superior Court is a nonexistent court. Compl., at 2, 8. Plaintiff then proceeds to unintelligibly deride the state's judicial system. In the caption to the complaint, plaintiff cites numerous amendments to the Constitution as well as trespass and constructive fraud; however, he does not set forth how defendants have violated these amendments within the body of his complaint. He seeks no monetary damages but requests injunctive relief in the form of a "mandamus requiring defendants to cease and disist all act's of Constructive fraud against Plaintiff untill Defendants can issue a Notice to Appear to Plaintiff that will afford the Plaintiff the right to a Court with a meaningfull Judicial Review, a Trial by Jury Known only At the Common Law." [Sic]. (Id. at 9.)

ANALYSIS

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject

1  matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.
2  Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible
3  assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.
4  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as
5  to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v.
6  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

7        Defendants move to dismiss because plaintiff has not stated any facts which
8  support a cause of action. They state that Cal. Penal Code §§ 853.5 and 853.6 provide for a
9  notice to appear before a magistrate where a person is arrested without a warrant for an infraction
10 or a misdemeanor, and that Officer Severson complied with that law when he issued plaintiff a
11 notice to appear. As outlined above, the complaint does not state a claim for relief. Although
12 pro se pleadings are accorded a liberal pleading standard, plaintiff's complaint is unintelligible
13 and to the extent it can be deciphered, it is frivolous. Plaintiff has not alleged how defendants
14 violated his federal constitutional rights, and therefore this court has no jurisdiction. Plaintiff has
15 also failed to set forth the elements of his causes of action for trespass and constructive fraud.

16       Plaintiff filed a document entitled "Answer re: dispute of motion to dismiss,"
17 which is construed as an opposition. Plaintiff states only that defendants' motion is unsupported
18 by affidavits or depositions, and requests the court to consider facts outside the record.[1]
19 Plaintiff's assertion has no merit. At hearing, plaintiff argued only that the magistrate judge only
20 has jurisdiction over territories and the Eastern District of California is not a territory. The
21 complaint is so frivolous that amendment is not capable of curing it.
22 \\\\\
23 \\\\\
24

---

25   [1] Defendants' reply contends that the opposition, served on June 14, 2005, was one day
26 late and should not be considered. Because the opposition adds nothing to the discussion, it does not matter whether it was served timely or not.

4

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss, filed May 26, 2005, be granted; and

2. This action be dismissed with prejudice.

DATED: 7/5/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Mills0931.mtd.wpd